Yang v. Lynch

BIA
Nelson, IJ
A089 915 530/531

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand sixteen.

PRESENT:
>        DENNIS JACOBS,
>        PETER W. HALL,
>        RAYMOND J. LOHIER,JR.
>            *Circuit Judges.*

_____

QIONG YANG, WEI WANG,
>        *Petitioners,*

>        v.                                                  14-3088
>                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:              Keith S. Barnett, New York,
                              New York.

FOR RESPONDENT:               Benjamin C. Mizer, Principal Deputy
                              Assistant Attorney General; Brianne
                              Whelan Cohen, Senior Litigation
                              Counsel; Matthew A. Spurlock, Trial
                              Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Qiong Yang and Wei Wang, natives and citizens of the People's Republic of China, seek review of a July 25, 2014, decision of the BIA, affirming a February 28, 2013, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiong Yang, Wei Wang,* Nos. A089 915 530/531 (B.I.A. July 25, 2014), *aff'g* Nos. A089 915 530/531 (Immig. Ct. N.Y. City Feb. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may,

2

"[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor and inconsistencies in her statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Yang was not credible.

The agency reasonably relied on Yang's demeanor, noting that her testimony was hesitant and unresponsive.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  That finding is supported by the record.

The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67.  For example, Yang changed her testimony several times as to whether her alleged forced abortion occurred in late-May 2000, mid-May 2000, or mid-May 2005.  *See Xiu Xia Lin*, 534 F.3d at 164, 166-67.  Her mother's letter stated that family planning officials would not issue an abortion certificate, but Yang testified that her mother had obtained such a certificate and she submitted it before the IJ.  That certificate conflicted with Yang's

3

testimony regarding where the abortion was performed.  Yang's attempts to explain these inconsistencies were not compelling. *See Majidi*, 430 F.3d at 80.

Having questioned Yang's credibility, the agency reasonably relied further on her failure to submit corroborating evidence sufficient to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ reasonably declined to credit Yang's mother's letter and her abortion certificate given the inconsistencies between that evidence and Yang's testimony. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-66.  And the IJ did not err in giving diminished weight to an unsworn letter from Yang's friend who allegedly accompanied Yang to her family planning appointments. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  That finding is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk